UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIKHADAR JAMA, *et al.*,

Plaintiffs,

v.

GOLDEN GATE AMERICA LLC, *et al.*,

Defendants.

Case No. C16-0611RSL

ORDER GRANTING GOLDEN GATE'S MOTION TO DISMISS

On January 4, 2017, the Court dismissed plaintiffs' claims against defendant Golden Gate America LLC. Dkt. # 38. The Court found that Golden Gate was not a "Transportation employer" subject to Chapter 7.45 of the City of SeaTac Municipal Code and that plaintiff's claims against Golden Gate could not be saved by amendment. Leave to amend was granted to add EAN Holdings LLC (d/b/a Enterprise Rent-A-Car) as a defendant on the theory that EAN Holdings is a "Transportation employer" under the ordinance and qualifies as plaintiffs' employer under the economic realities test set forth in Becerra v. Expert Janitorial, LLC, 181 Wn.2d 186, 196-97 (2014).

Plaintiffs timely filed an amended complaint, asserting claims against both Golden Gate and EAN Holdings as joint employers. Regardless of whether Golden Gate, EAN Holdings, or both employed plaintiffs, the Court has already determined that Golden Gate

ORDER GRANTING GOLDEN GATE'S
MOTION TO DISMISS - 1

is not subject to the ordinance and cannot have liability thereunder. Any and all claims against that Golden Gate are again DISMISSED.

Golden Gate seeks an award of fees and costs under 28 U.S.C. § 1927. The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An award of fees under the statute requires a finding of subjective bad faith. <u>Blixseth v. Yellowstone Mountain Club, LLC</u>, 796 F.3d 1004, 1007 (9th Cir. 2015). Bad faith "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." <u>B.K.B. v. Maui Police Dept.</u>, 276 F.3d 1091, 1107 (9th Cir. 2002). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." <u>In re Keegan Mgmt.</u>, 78 F.3d at 436.

The statute sets a very high threshold before an attorney will be required to reimburse the opposing party for a portion of its attorney's fees. A high threshold is appropriate given the likelihood that fee shifting could chill advocacy. The Court therefore starts its analysis with the presumptions that an award of fees is not appropriate and that counsels' conduct falls within the acceptable realm of zealous advocacy, untainted by bad faith. Nevertheless, the Court finds that the reassertion of defective claims against Golden Gate was frivolous and improperly multiplied the proceedings for purposes of 28 U.S.C. § 1927. The claims against Golden Gate were dismissed because it was not a "Transportation employer" subject to the ordinance. The Court expressly noted

ORDER GRANTING GOLDEN GATE'S
MOTION TO DISMISS - 2

that this defect could not be remedied through amendment. While there may have been legitimate, non-frivolous reasons to identify Golden Gate as a defendant in the amended complaint (such as preserving an issue for appeal), plaintiffs have not made that argument and instead have indicated that they intend to relitigate their claims against this defendant on the merits. Plaintiffs' attorneys are hereby ORDERED to pay Golden Gate reasonable fees of $1,000 within fourteen days of the date of this order.

Dated this 25th day of April, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge