UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIKHADAR JAMA, *et al.*,

Plaintiffs,

v.

GOLDEN GATE AMERICA LLC,

Defendant.

Case No. C16-0611RSL

ORDER DENYING EAN HOLDINGS LLC'S MOTION TO DISMISS

This matter comes before the Court on defendant EAN Holdings, LLC's "Motion to Dismiss." Dkt. # 49. Plaintiffs filed an amended class action complaint alleging that their employers failed to pay an hourly rate of $15.00 after January 1, 2014, when Chapter 7.45 of the City of SeaTac Municipal Code went into effect. Plaintiffs allege that EAN Holdings is a "Transportation employer" subject to the ordinance, that it contracts with Golden Gate America, LLC, to obtain workers for positions that are essential to EAN Holding's operations, and that plaintiffs are employed by both EAN Holdings and Golden Gate. EAN Holdings seeks dismissal of the claims based on the arguments that the ordinance does not impose liability on "joint employers" and that, even if it did, both employers must satisfy the definition of "Transportation employer" in order for either of them to be subject to the ordinance.

ORDER DENYING EAN HOLDING'S
MOTION TO DISMISS - 1

Chapter 7.45 of the SeaTac Municipal Code requires certain hospitality and transportation employers in the City of SeaTac to pay their employees $15.00 per hour, adjusted annually for inflation, and to guarantee certain other benefits. In the context of this motion to dismiss, EAN Holdings has chosen not to challenge the sufficiency of plaintiff's factual allegations regarding its operations, its relationship with Golden Gate, or its relationship with plaintiffs. Thus, the Court takes as true the allegations that EAN Holdings is a "Transportation employer" under the ordinance and that EAN Holdings employed plaintiffs within the City of SeaTac. EAN Holdings argues that plaintiffs have failed to state a claim upon which relief can be granted because Golden Gate's role as a subcontractor insulates EAN Holdings from liability. The argument is unpersuasive.

Plaintiffs' claims against EAN Holdings are premised on the allegation that it is plaintiffs' employer. Dkt. # 39 at ¶ 13. The fact that EAN Holdings contracted with Golden Gate to locate, hire, and pay plaintiffs does not change that basic premise, nor is there any indication that SeaTac voters intended to exclude joint employers from the reach of the ordinance. EAN Holdings may ultimately be able to show that its relationship with Golden Gate and/or the economic realities of plaintiffs' employment cannot support a finding that plaintiffs are its employees. In the context of this motion to dismiss, however, plaintiffs allegations are accepted as true and adequately state a claim against EAN Holdings.

EAN Holdings' argument that both joint employers must meet the definition of "Transportation employer" before either can be held liable is not supported by the ordinance or by the case upon which defendant relies. The purpose of the ordinance is "to ensure that, to the extent reasonably practicable, all people employed in the hospitality and transportation industries in SeaTac have good wages, job security and paid sick and

safe time." SeaTac Municipal Code, Ch. 7.45, Section 1. The ordinance is remedial legislation that must be liberally construed. Becerra v. Expert Janitorial, LLC, 176 Wn. App. 694, 704-05 (2013). Just as there is no textual basis for a "Transportation employer" to avoid liability simply because it employs a worker through another company, there is no provision mandating that all joint employers be subject to the ordinance before liability can attach to any of them. The unpublished opinion from the Northern District of Illinois cited by EAN Holdings does not change the analysis. The district court determined only that an employer that was not subject to Title VII (because it had less than 15 employees) did not become subject to the act simply because it acted jointly with another employer who had more than 15 employees. Robinson v. Sabis Educ. Sys., 1999 WL 414262, at *6 (N.D. Ill. June 4, 1999). In that case, the uncovered employer was dismissed and the Title VII claim proceeded against the covered employer. The same result is appropriate here.

For all of the foregoing reasons, EAN Holdings' motion to dismiss (Dkt. # 49) is DENIED.

Dated this 26th day of April, 2017.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge