# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

ABDIKHADAR JAMA, an individual, JEES JEES, an individual, and MOHAMED MOHAMED, an individual,

Plaintiffs,

v.

GOLDEN GATE AMERICA, LLC, a foreign limited liability company, and EAN HOLDINGS LLC, ENTERPRISE HOLDINGS, INC., a foreign corporation, and VANGUARD AUTOMOTIVE GROUP, a foreign business entity d/b/a NATIONAL CAR RENTAL, ALAMO RENT A CAR, and ENTERPRISE RENT-A-CAR,

Defendants

CASE NO. 2:16-cv-00611-RSL

ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS COUNSEL AND APPOINTMENT OF CLASS REPRESENTATIVE

This matter comes before the Court on plaintiffs' "Motion for Class Certification, Appointment of Class Counsel and Appointment of Class Representative." Dkt. # 57. The motion is unopposed. Dkt. # 72.

The Court makes the following Finding with respect to Plaintiffs' Motion:

**A. Standard of Review**

A party seeking to certify a class must establish that the requirements of Fed. R. Civ. P.

ORDER GRANTING PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION AND OTHER RELIEF - 1

**Law Office of
Daniel R. Whitmore, PS**
2626 – 15th Avenue West, Ste. 200
Seattle, WA 98119
(206) 329-8400 / (206) 329-8401 (FAX)

23 are met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). A court must engage in a "rigorous analysis" to determine whether the requirements of Fed. R. Civ. P. 23 are satisfied. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). However, the evidentiary showing need not be extensive. *Blackie v. Barrack*, 524 F. 2d 891, 901 (9th Cir. 1975).

**B.   Plaintiffs have satisfied Fed. R. Civ. P. 23(a)**

To be certified under Fed. R. Civ. P. 23(b)(3), Plaintiffs and the proposed Class must first satisfy all the requirements of Fed. R. Civ. P. 23(a):

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**1. Numerosity.**

The Class's size is sufficiently numerous to meet the requirement of numerosity. There are, at least, hundreds of class members in the class. As a general rule a potential class of 40 members is considered impractical to join. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986). Accordingly, Plaintiffs have met their burden of showing that the proposed Classes are so numerous that joinder is impracticable.

**2. Commonality**

A class meets the commonality requirement when "the common questions it has raised are 'apt to drive the resolution of the litigation' no matter their number. *Jiminez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014). Here, Plaintiffs have alleged that Defendant engaged in a common course of conduct by failing to pay the minimum wage mandated by City of SeaTac Ordinance 7.45.

ORDER GRANTING PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION AND OTHER RELIEF - 2

**Law Office of**
**Daniel R. Whitmore, PS**
2626 – 15th Avenue West, Ste. 200
Seattle, WA 98119
(206) 329-8400 / (206) 329-8401 (FAX)

The Class's common questions include:

- Whether EAN Holdings was a joint employer of workers primarily employed by Golden Gate.
- Whether EAN Holdings had a duty to pay the non-managerial employees it employed jointly with Golden Gate who qualify as Transportation Workers under the Ordinance the minimum hourly wages provided within the Ordinance prior to February 12, 2016.
- Whether EAN Holdings willfully withheld the minimum hourly wages provided within the Ordinance.
- Whether EAN Holdings' failure to pay workers it jointly employed with Golden Gate who qualify as Transportation Workers under the Ordinance the minimum hourly wages provided within the Ordinance constituted a statutory violation.
- Whether EAN Holdings was unjustly enriched by withholding the minimum hourly wages provided within the Ordinance.
- Whether injured Golden Gate/EAN employees who qualify as Transportation Workers under the Ordinance are entitled to receive punitive or double damages as result of EAN Holdings' willful withholding of the minimum hourly wages provided within the Ordinance.

Any one of these common questions of fact and law is sufficient to satisfy the Fed. R. Civ. P. 23(a) commonality requirement.

### 3. Typicality

The proposed Class Representatives' claims are typical of the Class because Plaintiffs' claims arise from the same alleged course of conduct and are based on the same legal theories regarding Defendants' allegedly wrongful conduct. Each Class member has claims based on the same legal theories as the Plaintiffs, i.e., alleged failure to pay the prevailing minimum wage. Typicality has been interpreted to mean that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156 (*quoting East Texas Motor Freight Sys., Inc., v. Rodriguez,* 431 U.S. 395, 403 (1977). Accordingly, Plaintiffs' claims satisfy the typicality requirement of Fed. R. Civ. P. 23.

CLASS CERTIFICATION AND OTHER RELIEF - 3

**Law Office of
Daniel R. Whitmore, PS**
2626 – 15th Avenue West, Ste. 200
Seattle, WA 98119
(206) 329-8400 / (206) 329-8401 (FAX)

**4. Adequacy**

The proposed Class Representatives and their counsel will fairly and adequately protect the interests of the Class. Plaintiffs have no antagonistic or conflicting interests with absent Class members and Class counsel are experienced in employment litigation and class action practice.

**5. The Requirements of Fed. R. Civ. P. 23(b)(3) Are Met.**

This dispute for every member of the proposed Class revolves around questions common to the Class, listed above. Answering those common questions will determine the liability of Defendants to every member of the proposed Class. Accordingly, common questions predominate over individual questions and answering these questions in a single forum "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." 1966 Advisory Committee Notes, Rule 23(b)(3). In addition, a class action is superior to other available means for the fair and efficient adjudication of this controversy. Fed. R. Civ. P. 23(b)(3) recites that a court should consider: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. All of these factors favor certification here. Hundreds of Class members bringing individual claims would not conserve time, effort and expense or provide a forum for claimants like those here. Absent Class members are unlikely to have any interest in individually controlling their claims, and the claims of former employees might go unaddressed but for their

ORDER GRANTING PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION AND OTHER RELIEF - 4

**Law Office of**
**Daniel R. Whitmore, PS**
2626 – 15th Avenue West, Ste. 200
Seattle, WA 98119
(206) 329-8400 / (206) 329-8401 (FAX)

inclusion in a class action. Defendants have substantial contacts in Washington state and all of the class members live (or have lived) here; therefore this jurisdiction has a particular interest in this matter, making this a desirable location to litigate these claims.

IT is, accordingly, hereby ORDERED, ADJUDGED AND DECREED:

1. This action shall be maintained as a Class Action under Fed. R. Civ. P. 23(b)(3) and on behalf of the following Class:

   All employees jointly employed by Golden Gate and EAN Holdings who have been Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to August 22, 2015 who can be ascertained from Golden Gate's records as having been paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050 and who have not recovered back wages under separate legal action.

2. Plaintiffs are appointed Class Representatives.

3. Plaintiffs' counsel are hereby appointed and designated as counsel for the above-mentioned Class and are authorized to act on behalf of the members of the Classes.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2017.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION AND OTHER RELIEF - 5

**Law Office of
Daniel R. Whitmore, PS**
2626 – 15th Avenue West, Ste. 200
Seattle, WA 98119
(206) 329-8400 / (206) 329-8401 (FAX)